LEWIS AND ROCA LLP — LAWYERS

40 North Central Avenue
Phoenix, Arizona 85004-4429

Jesse B. Simpson, State Bar No. 011099
 Direct Dial: (602) 262-5387
 Direct Fax: (602) 734-3741
 E-Mail: JSimpson@lrlaw.com

Attorneys for Defendant Charles Schwab & Co., Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| CHARLES SCHWAB & CO., INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAVID M. REAVES, as TRUSTEE for the BENNETT LIQUIDATING TRUST; BARBARA PAYNE and THOMAS PAYNE, husband and wife; JEANETTE KIRK and BERNARD KIRK, husband and wife; and SHARRON LEWIS. <br><br> Defendants. | No. <br><br> **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

Plaintiff Charles Schwab & Co., Inc. ("Schwab") files this Complaint for injunctive relief and a declaratory judgment against Defendants David M Reaves, as Trustee for the Bennett Liquidating Trust, Barbara Payne, Thomas Payne, Jeannette Kirk, Bernard Kirk and Sharron Lewis (collectively, "Defendants"). In support of its claims, Schwab alleges as follows:

**INTRODUCTION**

1. This action arises out of Defendants' improper filing of an arbitration proceeding (the "Arbitration Action") against Schwab before the Financial Industry Regulatory Authority ("FINRA").

2. Defendants are not Schwab's customers and Schwab has no contractual agreement with any of the Defendants to arbitrate these claims.

3. Schwab seeks a declaration from this Court that it cannot be compelled to participate in the Arbitration Action.

2119716.1

LEWIS AND ROCA LLP LAWYERS

4. Schwab also seeks injunctive relief prohibiting Defendants from proceeding with the Arbitration Action.

## PARTIES

5. Schwab is a California corporation with its principal place of business in San Francisco, California.

6. Defendant David M Reaves is an individual who has been appointed by the bankruptcy court to serve as trustee for the Bennett Liquidating Trust. Defendant Reaves resides in Arizona. In his capacity as trustee of the Bennett Liquidating Trust, Defendant Reaves has caused events to occur in this judicial district out of which this Complaint arises.

7. Defendant Barbara Payne is an individual who resides in Arizona and has caused events to occur in this judicial district out of which this Complaint arises.

8. Defendant Thomas Payne is an individual who resides in Arizona and has caused events to occur in this judicial district out of which this Complaint arises.

9. Defendant Jeannette Kirk is an individual who resides in Arizona and has caused events to occur in this judicial district out of which this Complaint arises.

10. Defendant Bernard Kirk is an individual who resides in Arizona and has caused events to occur in this judicial district out of which this Complaint arises.

11. Defendant Sharron Lewis is an individual who resides in Arizona and has caused events to occur in this judicial district out of which this Complaint arises.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332 and 28 U.S.C. § 2201. The amount in controversy exceeds $75,000, exclusive of interest and costs.

13. This Court has personal jurisdiction over the Defendants because Defendants are residents of Arizona and because this action arises out of Defendants' activities in the State of Arizona.

14. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because

2119716.1

all Defendants reside in this judicial district.

**General Allegations**

15. On or about September 4, 2009, the Defendants initiated an arbitration with FINRA against Schwab styled *David M. Reaves, as Trustee for the Bennett Liquidating Trust, et al. v. Charles Schwab & Co., Inc.* and further identified by Case No. 09-05232.

16. In the Arbitration Action, Defendants Barbara and Thomas Payne, Jeannette and Bernard Kirk and Sharron Lewis (the "Individual Defendants") allege that non-party Deborah Bennett perpetrated a "Ponzi Scheme" in which the Individual Defendants invested and incurred losses.

17. After being sued by several of the investors in Ms. Bennett's purported Ponzi Scheme, Ms. Bennett and her husband, James Alva Bennett, declared bankruptcy. *See In re Bennett*, Nos. 2:07-bk-05275, 2:07-bk-05277 (Bankr. D. Ariz. 2007). The Bennetts' confirmed bankruptcy plan of reorganization established the Bennett Liquidating Trust to satisfy allowed unsecured claims against the Bennetts' estate. David M. Reaves serves as trustee of the Bennett Liquidating Trust. Defendant Reaves, in his capacity as trustee, purports to bring claims in the Arbitration Action on behalf of non-party beneficiaries of the trust who invested in Ms. Bennett's alleged Ponzi Scheme.

18. Defendants further allege in the Arbitration Action that Ms. Bennett invested at least some of Defendants' and other investors' funds into the Bennetts' personal account at Schwab, number 7055-9030 (the "Schwab Account").

19. None of the funds that Defendants gave to Ms. Bennett were directly deposited into the Schwab account. Instead, upon information and belief, all of the funds that Defendants turned over to Ms. Bennett were first deposited into a Wells Fargo bank account in the name of Deborah Bennett and/or, her husband, James Alva Bennett.

20. Ms. Bennett and her husband, James Alva Bennett, were the sole accountholders of the Schwab Account.

21. Schwab was not aware, at any material time, that Ms. Bennett was using her Schwab Account to trade on behalf of undisclosed principals. Nevertheless,

2119716.1



Defendants raise the following claims against Schwab in the Arbitration Action: aiding and abetting breach of fiduciary duty, aiding and abetting fraud, aiding and abetting securities fraud and negligence.

22. The Individual Defendants claim damages in excess of two million dollars against Schwab in the Arbitration Action.  Defendant Reaves, on behalf of the Bennett Liquidating Trust, seeks unspecified damages that, upon information and belief, exceed three million dollars.

**Defendants Have No Right to Arbitrate Their Claims Against Schwab**

23. Schwab incorporates Paragraphs 1 through 21 as though fully set forth herein.

24. As a FINRA member firm, Schwab is obliged to abide by the FINRA Code, which requires broker-dealers to arbitrate disputes only where (1) the broker-dealer has a contract with the claimant that mandates arbitration or (2) a customer of the broker-dealer requests its claims be resolved through arbitration.

25. The Bennetts were the sole accountholders of the Schwab Account and were the only parties to any contract with Schwab relating to the Schwab Account. Defendants have no contractual right to arbitrate the claims they have brought in the Arbitration Action.

26. None of the Individual Defendants is a customer of Schwab.

27. While Defendant Reaves holds other accounts with Schwab, Defendant Reaves maintains no account at Schwab in his capacity as trustee of the Bennett Liquidating Trust.  The Bennett Liquidating Trust, therefore, is not a customer of Schwab.

28. On November 16, 2009, Schwab's counsel wrote to FINRA advising FINRA that it would not consent to FINRA's jurisdiction in this matter.

29. On November 16, 2009, Schwab's counsel wrote to counsel for the Defendants advising them of Schwab's position and requesting they dismiss the arbitration and refile their claims in court.

2119716.1

30. Defendants have refused to voluntarily dismiss their arbitration claims.

## Count I

### Declaratory Judgment (All Defendants)

31. Schwab incorporates Paragraphs 1 through 30 as though fully set forth herein.

32. Arbitration is a matter of contract and, as such, a party cannot be compelled to arbitrate any dispute that it has not agreed to arbitrate.

33. Schwab has not agreed to arbitrate the claims that Defendants have asserted in the Arbitration Action.

34. Pursuant to FINRA Rule 12200, Schwab is only required to arbitrate disputes that Schwab has agreed to arbitrate or that are brought by a Schwab customer.

35. Schwab has not agreed to arbitrate Defendants' claims.

36. No Individual Defendant is a Schwab customer nor is the Bennett Liquidating Trust a customer of Schwab.

37. Pursuant to 28 U.S.C. § 2201, this Court has the power to "declare the rights and other legal relations of any interested party seeking such declaration."

38. A dispute has arisen, as evidenced by the Arbitration Action, between Schwab and Defendants as to Schwab's right to a judicial forum for resolution of Defendants' claims.

39. An actual existing and bona fide controversy exists as to the rights and legal relations of the parties that can only be determined by a declaratory judgment.

WHEREFORE, Schwab prays for a judgment:

A. Declaring that Schwab is not required to arbitrate the claims asserted against it in the Arbitration Action filed by Defendants;

B. Awarding Schwab attorneys' fees and costs in this action; and

C. Awarding such further relief as the Court deems just and proper.

2119716.1

## Count II

### Injunctive Relief (All Defendants)

40. Schwab incorporates Paragraphs 1 through 39 as though fully set forth herein.

41. Defendants have refused to voluntarily dismiss the Arbitration Action. Although Schwab has notified FINRA of its refusal to consent to FINRA's jurisdiction, FINRA has notified Schwab that it must file a response to Defendants' Statement of Claim. Schwab objects to the arbitration of these claims through FINRA because no contract requires Schwab to arbitrate these claims and Defendants are not Schwab's customers.

42. As a threshold matter, Schwab is entitled to judicial resolution of the arbitrability of the claims brought against it.

43. Further, no adequate remedy at law exists for denial of the right to have a judicial resolution of these claims.

44. Unless Defendants are immediately enjoined, Schwab will suffer immediate and irreparable injuries as it will be compelled to proceed in an arbitral forum in violation of its rights.

45. Schwab has been and will continue to be irreparably harmed as a result of the improper Arbitration Action.

WHEREFORE, Schwab prays for an Order of this Court:

A. Issuing a Preliminary Injunction directed to Defendants and all persons acting in concert with them, including their attorneys, restraining and enjoining Defendants and such persons from proceeding in any manner with the Arbitration Action and staying the Arbitration Action until such time as the Court has ruled on Schwab's request for declaratory relief.

B. Issuing a Permanent Injunction requiring Defendants to voluntarily dismiss with prejudice the Arbitration Action after entry of declaratory judgment in favor of Plaintiff Schwab on the issue of arbitrability;

2119716.1



1       C.    Awarding Schwab fees and costs in this action; and

2       D.    Awarding such other relief as the Court deems just and proper.

DATED this 11th day of December, 2009.

                       LEWIS AND ROCA LLP


                       By <u>s/ Jesse B. Simpson</u>
                           Jesse B. Simpson
                       Attorneys for Charles Schwab & Co., Inc.

2119716.1